IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

01 JUN -6 PM 1:46

| | |
|---|---|
| OSCAR MORALES-PINA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. CV 01-N-1131-E |
| | ) |
| RON WILEY, Warden, | ) |
| FCI, TALLADEGA, | ) |
| | ) |
| Respondent. | ) |

ENTERED
JUN 0 6 2001

## MEMORANDUM OPINION

Myrna Morales filed an application for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 & 2242 on behalf of her husband, petitioner Oscar Morales-Pina ("the petitioner"), on May 4, 2001. (Doc. 1). Through the application, Oscar Morales-Pina seeks to have this court grant him habeas relief from his plea of guilty to a drug violation pursuant to 21 U.S.C. § 846 and 841(a)(1) & (b)(1)(A). Included with the application for habeas corpus relief is an emergency motion for a stay of any deportation order.

Pursuant to the usual practice of this court, the respondent was ordered on May 9, 2001, to file a response to the application for relief and the motion for a stay. (Doc. 2). The respondent filed a motion to submit a partial response to the court's order. (Doc. 3). Myrna Morales filed a response to the respondent's motion and response. (Doc. 4). The motion to file the partial response was granted on May 22, 2001. (Doc. 5). The partial response was filed on that day. (Doc. 6). It includes a motion to dismiss, or in the alternative, to transfer the application. (Doc. 6).

Myrna Morales has filed an additional reply to the respondent's response. (Doc. 7). She



also has filed a "Motion for an Order Enjoining the Federal Bureau of Prisons from Obstruction of Justice by Denying Petitioner Access to His Next Friend Movant." (Doc. 8). The respondent has filed a pleading in opposition to her motion for an injunction. (Doc. 9). On June 5, 2001, Myrna Morales filed a supplemental brief requesting emergency consideration from this court to prevent the petitioner's removal to Cuba. (Doc. 10). She also filed a hand-written pleading stating that the petitioner will be repatriated to Cuba on June 6, 2001. (Doc. 11). A magistrate judge of this court has also been informed by counsel for the respondent that repatriation is anticipated in the near future.

## I. BACKGROUND

On November 15, 2000, Oscar Morales-Pina filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan. He requested that the court find that his removal, which was ordered by an Immigration Judge and the Board of Immigration Appeals after his conviction and incarceration for a federal drug trafficking offense, violated the Convention Against Torture. (Doc. 6, Ex. B). In that proceeding, he also sought a stay of deportation pending review of his claims by the court. (*Id.*).

On May 1, 2001, the court denied Oscar Morales-Pina's request for a stay. His application for habeas corpus relief remains pending.

As previously noted, on May 4, 2001, Myrna Morales filed the present petition on behalf of her husband, challenging his drug conviction and sentence that are the basis of the deportation proceedings. She does not discuss Oscar Morales-Pina's conviction or what efforts he has taken

to challenge that conviction pursuant to 28 U.S.C. § 2255.[1]

## II. APPLICATION BY AGENT ACTING ON BEHALF OF ANOTHER

The first issue presented in this matter is the propriety of Myrna Morales-Pina filing and prosecuting this action on behalf of the petitioner. Under 28 U.S.C. § 2242, an "[a]pplicaiton for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." When the petition is filed by a "next friend" the court must consider whether the application is appropriate. Three principles are applicable:

> Three principles, which control the resolution of the issue raised here, can be distilled from the precedents.[ ] First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next-friend." Second, individuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined. Third, when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition.

*Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978) (footnote omitted).

Applying the foregoing, the court finds that it is without jurisdiction to consider the petitioner's application. It does not set forth an adequate reason or explanation why Oscar Morales-Pina did not sign and verify the same; it does not specify sufficient reason for the necessity for resorting to its use, particularly since he has a pending habeas corpus application in the Eastern District of Michigan; and, it is evident that Myrna Morales-Pina is not authorized to

---

[1] Through a review of the court's criminal indices, the undersigned has determined that Oscar Morales-Pina was convicted in the Western District of Missouri in the mid-1990s.

3

practice law. Under these circumstances the court is precluded from exercising jurisdiction over the application. The court is particularly cautious in exercising its jurisdiction in this matter because it may negatively impact Oscar Morales-Pina's ability to otherwise challenge his conviction that was derived from criminal proceedings in another district. *See* 28 U.S.C. § 2244(b)(3)-(4) (requiring the court to dismiss any second or successive application that does not meet rigid constraints).

### III. REQUEST FOR A STAY

The Fifth Circuit Court of Appeals in *Ignacio v. INS*, 955 F.2d 295, 299 (5th Cir. 1992), enumerated the appropriate considerations in deciding whether to grant a stay of deportation: (1) likelihood of success on the merits; (2) irreparable harm to the movant absent a stay; (3) the potential harm to the movant outweighs the harm to the INS if the stay is not granted; and, (4) granting the stay would serve the public interest. United States District Judge Arthur J. Tarnow review these considerations in the pending habeas corpus case in the Eastern District of Michigan. He found:

> The Court finds that the petitioner is not likely to succeed on the merits. The immigration judge and the Board of Immigration Appeals provided Mr. Morales-Pina with a reasonable opportunity to present evidence. Any evidence not considered by the immigration judge was cured by the Board of Immigration Appeals. The Board of Immigration Appeals heard Mr. Morales-Pina's direct appeal from the decision of the immigration judge. Further, the Board denied the petitioners [sic] motion to reopen when presented with the evidence the petitioner contends was disregarded. This is an indication that Morales-Pina was given the opportunity to present evidence and any evidence omitted did not result in prejudice.
>
> The Court further finds that it is unclear whether irreparable harm will occur to petitioner if he is removed. The immigration judge classified Morales-Pina as a "potential returning Mariel Cuban." The judge went on to cite a Department of State report that returning Mariel Cubans are not at risk of torture

> by their government. Petitioner contends that he will be tortured and his poor health will be exploited. The government, however, alleges that Morales-Pina's health is good. It is ambiguous whether or not petitioner faces irreparable harm. It is clear, however, that the normal hardships incident to deportation do not constitute "the irreparable harm that a stay aims to prevent." *Ignacio*, 955 F.2d at 299.
>
> Because it is unclear whether or not petitioner is likely to suffer irreparable harm, it is equally unclear whether the harm to petitioner outweighs the potential harm to the government. The harm to the government is the increased cost of maintaining Morales-Pina in the United States. The government is also harmed because continued appeals undermine the effectiveness of the deportation procedure.
>
> Finally, the petitioner has failed to demonstrate that granting a stay is in the public interest. It is in the public interest that participants in a deportation proceeding be given a reasonable opportunity to present evidence. Morales-Pina has failed to show that such an opportunity did not exist. Thus, the public interest is not served by granting a stay on that basis.

(Doc. 6, Ex. B at 3-5).

Even if this court had jurisdiction to review the substance of the petitioner's allegations, premised on the record before the court, there is no reason to depart from the holding of Judge Tarnow denying the stay. Concerning the first criteria, likelihood of success, this court has already determined that it lacks jurisdiction to review the present claims. Next, it appears that any challenge to the conviction and sentence underlying the deportation proceedings is barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2255. Additionally, the Eleventh Circuit Court of Appeals has made it clear that § 2241 is not to be used as a mechanism to circumvent the requirements of § 2255. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). Still further, the petitioner's claims under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d. 435 (2000), are barred by controlling Eleventh Circuit Court of Appeals precedent. *See In re Johsua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (*Apprendi* is not applicable to

5

cases on collateral review); *see also United States v. Diaz*, 248 F.3d 1065, 1105 (11th Cir. 2001) (Sentencing Guideline issues are not subject to the *Apprendi* rule).

Concerning the second criteria, irreparable harm, the record before this court, similar to that before Judge Tarnow, is disputed as to whether irreparable harm will occur if the petitioner is removed. For instance, the information before the court in Michigan showed that "Mariel Cubans" such as the petitioner "are not at risk of torture by their government." (Doc. 6, Ex. B at 4). The Cuban American National Foundation, apparently at the request of Myrna Morales, has submitted a letter and attachments stating that it "strongly opposes the deportation of Mr. Morales-Pina to Cuba on the grounds that doing so would be an act against Mr. Morales-Pina's basic human rights. The Cuban government is notorious for its systematic human rights violations. . . ." (Fax to Magistrate Judge John E. Ott, dated May 10, 2001). Amnesty International USA has submitted an affidavit specifying concerns arising from petitioner's potential return to Cuba.[2] (Fax to Magistrate Judge John E. Ott, dated May 21, 2001). Mrs. Morales-Pina has also submitted a letter to the court stating that the petitioner is suffering from various medical conditions and that he is required to take various medications. (May 11, 2001 letter to Judge Ott). She has included voluminous medical records from the Bureau of Prisons. (*Id.*).

Concerning the third criteria, balancing of the harm to the petitioner versus the harm to the government, the record arguably shows that the medical attention that the petitioner will receive in Cuba may not be equivalent to the standards of the Bureau of Prisons. However, it is

---

[2] The court notes that the submissions by the Cuban American National Foundation and Amnesty International USA were not served on counsel for the United States and are based on unsubstantiated hearsay.

6

also clear that the United States has a significant competing interest in seeing that lawful deportation orders be enforced.

Concerning the fourth criteria, the public interest in granting a stay, there can be little argument that it is also in the public interest that lawful deportation orders be enforced. In this case, the record demonstrates that the petitioner was convicted of a drug offense, he has been serving a custodial sentence, he participated in the deportation proceedings and the review of those proceedings. As found by Judge Tarnow, nothing demonstrates that the petitioner was denied an opportunity to present evidence on his deportation assertions. Additionally, nothing indicates that he was previously precluded from challenging his prior conspiracy conviction.

## IV. CONCLUSION

After carefully weighing the pertinent considerations, the court finds that the motion for stay of the removal proceedings is due to be denied. The court further finds that the "Motion for an Order Enjoining the Federal Bureau of Prisons from Obstruction of Justice by Denying Petitioner Access to His Next Friend Movant" (doc. 8) is due to be denied. The court also finds that it lacks jurisdiction to further review the substantive claims presented in the application for habeas corpus relief. Accordingly, the motion of the respondent to dismiss this action (doc. 6) is due to be granted. An order consistent with these findings will be entered.

**DONE**, this 6th day of June, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE